**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000447
13-AUG-2024
08:28 AM
Dkt. 40 SO**

CAAP-20-0000447

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

A.S., Petitioner-Appellee, v.
D.S., Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 20-1-1236)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Respondent-Appellant D.S. (**Father**) appeals from the
June 30, 2020 Order for Protection (**OFP**) entered by the Family
Court of the First Circuit (**Family Court**) in favor of Petitioner-
Appellee A.S. (**Mother**).[1]  Father also challenges in part the
Family Court's August 26, 2020 Findings of Fact [(**FOFs**)] and
Conclusions of Law [(**COLs**)], specifically FOFs 11, 35, 36, 38,
40, 41, 43-47, and 49, and COLs 7-13, 16, 17, 25, 26, 28, and 33.

Father raises a single point of error on appeal,
contending based on his challenges to the Family Court's FOFs and
COLs that there was no substantial evidence to support the Family
Court's finding that a protective order was necessary to prevent

---

[1]     The Honorable Dyan M. Medeiros presided.

future acts of domestic abuse by Father against the parties' minor child (**Child**), and the OFP as to Child must be vacated.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Father's point of error as follows:

FOF 11 includes that Child was in the home at the time of the incident when Father choked Mother until she passed out. Father argues that FOF 11 is clearly erroneous because it does not clarify that Child was not present in the same room at the time. This argument is without merit.

Father challenges FOFs 35 and 36 as clearly erroneous because Father disagrees that Mother was more credible than Father's mother. However, "[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." LC v. MG & Child Support Enf't Agency, 143 Hawaiʻi 302, 310-11, 430 P.3d 400, 408-09 (2018) (citation omitted). Accordingly, we will not disturb the Family Court's determinations of credibility here.

In FOF 38, the Family Court found that Mother was not competent to testify as to what happened while she was unconscious. This FOF is not clearly erroneous.

FOFs 40, 41, 43-45, and 49 state:

> 40. With respect to [Child], the Court finds that events of April 25, 2020 through April 26, 2020 constitute an offense under [Hawaiʻi Revised Statutes (**HRS**)] § 709-906, which is, by definition pursuant to HRS Chapter 586, domestic abuse. Since the events occurred in the presence of [Child], a minor, an OFP for [Child] is appropriate.

2

41. The Court also finds that the events of April 25, 2020 through April 26, 2020 constituted a threat of imminent physical harm, threat of bodily injury, and threat of assault to [Child] given [Father's] sudden, immediate, and extremely violent attack on [Mother].

. . . .

43. [Father] has failed to show cause as to why an OFP should not be issued for [Child]. [Father's] argument at trial was that no abuse was directed at [Child], and that the request for an OFP for [Child] was due to a custody and visitation dispute between the parties.

44. In support of his argument, [Father] elicited testimony showing that [Mother] resided with [Father] for a time after she was released from the hospital and that she continued to allow him to visit with [Child] until she filed a police report and the Petition in this case.

45. The Court does not find [Mother's] behavior after [Father's] attack on her to be an appropriate gauge of whether an OFP is appropriate for [Child]. Victims of domestic violence often remain with the perpetrators of abuse for various reasons. The choice does not mean that domestic abuse did not occur or that a victim or a child is safe or does not need the protection of the Court.

. . . .

49. Alternatively, even if [Child] was not included in the OFP in this case, it is appropriate for [Father] to have supervised visits with [Child] to ensure [Mother's] safety and the safety of [Child].

As discussed further below, Father disagrees with the Family Court's interpretation of domestic abuse, argues that there is no evidence that he presented any danger to Child, and contends that the incident with Mother has no bearing on whether Father presented a threat of imminent physical harm, threat of bodily injury, or threat of assault to Child. Father points out that after Mother was released from the hospital, she stayed with Father and his mother.[2] The factual findings in FOFs 40, 41, 43-45, and 49 are supported by substantial evidence in the record, with due deference given to the Family Court's determinations of

_____

[2] Mother testified that she returned to the home because her jaw had been broken in multiple places and was wired shut, she was in pain and on pain medication, and she could not adequately care for Child when she left the hospital.

3

credibility, weighing of the evidence, and drawing of justifiable inferences of fact from the evidence adduced. See, e.g., State v. Eastman, 81 Hawaiʻi 131, 135-39, 913 P.2d 57, 61-65 (1996) (discussing substantial evidence standard); State v. Naeole, 62 Haw. 563, 565, 568-69, 617 P.2d 820, 823, 824-25 (1980) (same).

Father argues that a number of the Family Court's COLs are wrong, as part of his overarching argument that the Family Court erred in issuing the OFP for Child because there was no substantial evidence that an OFP was necessary to prevent future domestic abuse of Child. Father contends that the Family Court was wrong in concluding that Father's alleged HRS § 709-906(a) (Supp. 2019) offense against Mother in Child's presence constituted grounds for the OFP with respect to Child. Father further contends that the Family Court clearly erred and was wrong in finding and concluding that Father's sudden, immediate, and extremely violent attack on Mother demonstrated that Father was clearly unable to control his actions to such a degree that he posed a threat of imminent physical harm, bodily injury, or assault to Child, the parties' very young child, if Father were similarly angered by either Mother or Child.

We consider the Family Court's FOFs and COLs in the overall context of HRS chapter 586, which can provide for temporary restraining orders (**TROs**), without prior notice to an alleged domestic abuser, and on a longer-term basis, after notice and a hearing of all relevant evidence. We begin with HRS § 586-1 (2018), which provides in pertinent part:

4

**§ 586-1  Definitions.**  As used in this chapter:
. . . .
"Domestic abuse" means:
(1)     Physical harm, bodily injury, assault, or the
        threat of imminent physical harm, bodily injury,
        or assault, extreme psychological abuse, or
        malicious property damage between family or
        household members; or

(2)     Any act which would constitute an offense under
        section 709-906, or under part V or VI of
        chapter 707 committed against a minor family or
        household member by an adult family or household
        member.

Father did not contest that his actions constituted domestic abuse of Mother, agreed to the entry of an OFP as to Mother, but argued that the OFP was not warranted as to Child because, in effect, he only physically harmed the mother, not the young child, who was in another room.  In particular, Father now seizes on isolated phrases and explanations in the Family Court's COLs, including the Family Court's explication of the part of the above definition of domestic abuse referring to "[a]ny act which would constitute an offense under section 709-906[.]"  COL 9, for example, states that "[Father's] actions were physical abuse (pursuant to HRS § 709-906) in the presence of a minor (as defined by HRS § 706-606.4) and therefore constitute domestic abuse as defined by HRS § 586-1."  This COL has three clauses, none of which is wrong *per se*.  In isolation from the rest of the FOFs and COLs, COL 9 is nevertheless unclear, as the presence of the minor is not determinative of whether the physical abuse pursuant to HRS § 709-906 constituted domestic abuse as defined by HRS § 586-1.  However, in the overall context of the Family Court's FOFs and COLs, read in their entirety, it is clear that the Family Court found and concluded that the presence of Child

5

at the time of Father's domestic abuse against Mother was part of the court's rationale for granting the OFP as to Child, albeit stated awkwardly in COL 9.  Cf. FOFs 40 and 41.

HRS § 586-5.5 (2018) provides, in pertinent part:

§ 586-5.5  **Protective order; additional orders**.  (a) If, after hearing all relevant evidence, the court finds that the respondent has failed to show cause why the order should not be continued and that a protective order is necessary to prevent domestic abuse or a recurrence of abuse, the court may order that a protective order be issued for a further fixed reasonable period as the court deems appropriate.

The protective order may include all orders stated in the temporary restraining order and may provide for further relief as the court deems necessary to prevent domestic abuse or a recurrence of abuse, including orders establishing temporary visitation and custody with regard to minor children of the parties and orders to either or both parties to participate in domestic violence intervention services.

Here, Mother was granted a TRO when she filed her petition for an OFP for herself and on behalf of Child.  After hearing evidence presented by both parties, based on the totality of the evidence presented, the Family Court found and concluded based on Father's actions in choking Mother until she passed out, with Mother waking the next morning with a tooth knocked out and her jaw broken in multiple places, followed by Father's resistance to taking Mother to the emergency room (that continues for a full day) despite her repeated requests, all of which took place with Child present in the home, the Family Court found and concluded, *inter alia*, that those events constituted a threat of imminent physical harm to Child, and Father failed to show cause why an OFP should not be issued for Child.  The Family Court's finding and conclusion that Father was clearly unable to control his actions to such a degree that it posed a threat to both

6

Mother and Child is grounded in substantial evidence in the record.

We conclude that, even if the Family Court erred in some of the language contained in its written FOFs and COLs, any such error was harmless error based on the full record before the court in this case. Accordingly, the Family Court's June 30, 2020 OFP is affirmed.

DATED: Honolulu, Hawaiʻi, August 13, 2024.

On the briefs:

Alen M. Kaneshiro,
for Respondent-Appellant.

K. Kenji Akamu,
for Petitioner-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge